**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDIVAS, LLC, | No. 14-55926 |
| Plaintiff - Appellant, | D.C. Nos. 3:10-cv-01001-W-RBB |
| | 3:11-cv-02852-W-RBB |
| v. | |
| MARUBENI CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted February 12, 2015[**]
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[***] Senior
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald W. Molloy, Senior District Judge for the U.S. District Court for the District of Montana, sitting by designation.

MediVas, LLC, appeals the district court's order compelling arbitration of certain claims against Marubeni Corporation and the district court's subsequent confirmation of an arbitration award in favor of Marubeni. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(D) and (a)(3), and we affirm.

I.

The district court properly ordered arbitration of those claims that are related to the Note Purchase Agreement and Agency Agreement and do not arise out of the Security Agreement. "When determining whether parties have agreed to submit to arbitration, we apply general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) (internal quotation marks omitted). The arbitration clause in the 2004 Note Purchase Agreement and Agency Agreement remained in effect to the extent that it was not specifically limited by the venue selection clause in the parties' 2007 Security Agreement. Although "the forum selection clause[] need only be sufficiently specific to impute to the contracting parties the reasonable expectation that they would litigate any disputes in federal court," *id.* at 744, the venue clause does so here only to the extent disputes arise out of the Security Agreement. The Security Agreement provides

2

that, "for this purpose only," San Diego courts shall have "exclusive jurisdiction to hear and determine any dispute, claim or controversy between or among [the parties]." "Where contract language is clear and explicit and does not lead to absurd results, [a court] ascertain[s] intent from the written terms and go[es] no further." *Shaw v. Regents of Univ. of Cal.*, 67 Cal. Rptr. 2d. 850, 855 (Ct. App. 1997) (internal quotation marks omitted).

With respect to MediVas's Fourth Cause of Action, the district court erred in initially compelling arbitration of MediVas's claim that the security interest created by the 2007 agreements constituted a fraudulent transfer. This is because the claim relates directly to the security interest governed by the Security Agreement and is therefore subject to the venue selection provision. While this conclusion is contrary to that reached by the district court, the arbitral tribunal refused to adjudicate the issue and it has since been remanded to the state court.

## II.

The district court correctly confirmed the arbitration award in favor of Marubeni and against MediVas. The grounds for a court's refusal or deferral of recognition or enforcement of an arbitration award are limited to the seven grounds listed in Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). *See China Nat'l Metal*

3

*Prods. Imp./Exp. Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799–800 (9th Cir. 2004). This review is circumscribed and, "[r]ather than review the merits of the underlying arbitration, we review de novo only whether the party established a defense under the Convention." *Id.* at 799. Because MediVas is seeking to avoid enforcement of the award, it has the burden of showing the existence of a New York Convention defense. *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010). This burden is substantial because "the public policy in favor of international arbitration is strong, and the New York Convention defenses are interpreted narrowly." *Id.* (citation omitted).

MediVas failed to meet its substantial burden. It has presented no compelling reason for us to doubt the applicability of the arbitration clause and it actively chose not to participate in the arbitration proceedings. Where there is no showing that one of the defenses to the New York Convention applies, confirmation of the award is proper. *See Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) ("[T]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." (internal quotation marks and emphasis omitted)).

**AFFIRMED**.